**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IRIS JULIANA ALVARENGA DE VARGAS, | No. 5:26-cv-02242-AYP |
| Petitioner, | **ORDER GRANTING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO.4]** |
| v. | |
| MARKWAYNE MULLIN, et al., | |
| Respondents. | |

## I. SUMMARY

Before the Court is Petitioner Iris Juliana Alvarenga de Vargas' ("Petitioner") *ex parte* application ("Application") seeking a temporary restraining order ("TRO") mandating Respondents to provide her with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C § 1226(a) within 7 days. (Dkt. No. 4.) Respondents filed a Response to the Ex Parte Application for Temporary Restraining Order (Dkt. No. 11), in which they concede that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). Therefore, Respondents contend that should the court order relief, Petitioner would be subject to an order

directing a bond hearing before an IJ under § 1226(a).

The Court issued a standing order on May 1, 2026, enjoining Petitioner's removal from the District pending further orders from the Court and setting a briefing schedule on Petitioner's Application. (*See* Dkt. No. 8.)

For the reasons set forth below, the Court **GRANTS** the Application.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner represents that she is a native and citizen of Nicaragua. (Dkt. No. 4 at 8.)  Petitioner contends that she was placed in removal proceedings in December 2022 and charged with inadmissibility for having entered the United States without inspection or admission. *Id.* Petitioner asserts that she was then released from immigration custody on an Order of Recognizance ("OREC") but was recently re-detained and remains in custody at the Adelanto ICE Detention Facility as of the filing of the instant Application. (Dkt. No. 4 at 8.) Petitioner represents that she has been present and residing in the United States for 52 months. (Dkt. No. 4 at 7.)  However, Petitioner asserts that she has been deemed ineligible for a bond-redetermination hearing in light of the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.*

Petitioner filed the instant Ex Parte Application for Temporary Restraining Order on April 29, 2026. (Dkt. No. 4.) Respondents filed their Response to the Ex Parte Application for Temporary Restraining Order (the "Response") on May 7, 2026. (Dkt. No. 11.) Both parties have consented to proceed before the Magistrate Judge. The matter is now fully briefed and submitted for decision.

## III.    LEGAL STANDARD

### A. *Ex Parte* Applications

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir.

2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). "Consistent with [the Supreme Court's] overriding concern, courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Id.* (discussing parties' failure to provide notice under Fed. R. Civ. P. 65(b)).

In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an ex parte application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Id. at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

### B. Temporary Restraining Orders

Federal Rule of Civil Procedure ("Rule") 65 grants district courts the power to issue injunctions and restraining orders. Issuance of a TRO, as a form of preliminary injunctive relief, is an extraordinary remedy, and the applicant for such a remedy bears the burden of proving its propriety. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In general, the showing required for a TRO and a preliminary injunction are the same. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The applicant for a TRO must show that: (1) [s]he is likely to succeed on the merits; (2) [s]he is likely to suffer irreparable harm absent the injunction; (3) the balance of equities tips in [her] favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 5, 20 (2008); *Meinecke v. City of Seattle*, 99 F.4th 514, 521 (9th Cir. 2024). "In the Ninth Circuit, a plaintiff may also prove a TRO is warranted by raising 'serious questions going to the merits.'"

3

*NML Cap., Ltd. v. Spaceport Sys. Int'l, L.P.*, 788 F. Supp. 2d 1111, 1125 (C.D. Cal. 2011) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011)). Where the non-movant is a government entity, "the third and fourth [Winter] factors . . . merge." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 695 (9th Cir. 2023) (en banc).

## IV.   DISCUSSION

Petitioner asserts that she has been erroneously and unlawfully denied a custody redetermination hearing following her recent re-detention by immigration authorities. Petitioner argues that 8 U.S.C. § 1226(a) governs individuals—such as Petitioner—who are charged with having entered the United States without inspection, and that such individuals are therefore eligible for consideration of release on bond. In their Response to the instant Application, Respondents contend that Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) and "that Petitioner's claim in this action appears to be subject to the Bautista judgment…" (Dkt. No. 11 at 2.)

### A.   Ex Parte Application and Mission Power Factors

Petitioner has satisfied the *Mission Power* factors. Petitioner has made a showing of irreparable prejudice absent ex parte relief. Petitioner has been suddenly re-detained after having been released on an OREC and having resided in the United States for 52 months. Due process in this context requires a prompt, pre-deprivation hearing before a neutral decisionmaker at the time of rearrest, not some time long after the liberty loss has already occurred. *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1194-97 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). "The deprivation of constitutional rights unquestionably constitutes irreparable injury," including those "imposed on anyone subject to immigration detention." *Hernandez v.*

4

*Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (citing *Melendres v. Arpaio*, 694 F.3d 990, 1002 (9th Cir. 2012)).

Further, under *Mission Power*, parties seeking ex parte relief must show that they are "without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492-3 (C.D. Cal. 1995). Petitioner has made such a showing. Respondents concede that Petitioner is a member of the bond eligible class that was certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and that Petitioner has a constitutional right to be heard as to whether her detention is warranted or legally permissible. Respondents' failure to provide Petitioner with the adequate pre-deprivation process it concedes is due cannot plausibly be due to any fault of Petitioner, and Petitioner has promptly sought relief in the form of the instant Application.

Accordingly, the Court finds that Petitioner has shown she is entitled to ex parte relief.

### B.    Winter Factors

The Court finds that the *Winter* factors weigh in favor of Petitioner regarding her Due Process Claim and GRANTS the Application on this ground.

1.  Likelihood of Success on the Merits

Petitioner asserts that she has been unlawfully denied a custody redetermination hearing following her recent re-detention as is required pursuant to the eligible class that was certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). Petitioner asserts that she was placed in removal proceedings in December 2022, charged with inadmissibility for having entered the United States without inspection or admission, and was subsequently released on an OREC. In the Central District, the court addressing this issue

and certifying the bond eligible class in *Maldonado Bautista* concluded that the denial of bond hearings to noncitizens charged with entering the United States without inspection is in violation of the Immigration and Nationality Act ("INA"). As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning of *Maldonado Bautista*, the Court finds that Petitioner has shown a likelihood of success on the merits of her request for an individualized bond hearing for the reasons stated in the orders in that case. *See Maldonado Bautista*, 2025 WL 3713987, at *8-*22.

2.  Irreparable Harm

Petitioner has shown that absent injunctive relief, she will suffer irreparable injury if she remains in detention absent appropriate pre-deprivation process and the constitutional safeguards due. "The deprivation of constitutional rights unquestionably constitutes irreparable injury," including those "imposed on anyone subject to immigration detention." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (citing *Melendres v. Arpaio*, 694 F.3d 990, 1002 (9th Cir. 2012)). "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Fifth Amendment provides that "[n]o person shall ... be deprived of ... liberty ... without due process of law." U.S. Const. amend. V. That protection extends to all persons in the United States, "including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *See Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Accordingly, this factor weighs in favor of granting Petitioner's request for relief because a denial of Petitioner's Application would continue to deprive her of liberty without due process.

3.  Balance of the Equities and Public Interest

The balance of equities and public interest merge when the Government is the party opposing the relief sought. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

"[I]t is always in the public interest to prevent the violation of a party's constitutional rights" and "[t]he government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023). Petitioner has shown that she is likely to succeed on the merits of her claim, wherein due process requires a pre-deprivation hearing before she may be detained. *See* (App. at 9-16). As recognized by other courts in this Circuit, in the context of immigration detention proceedings, the harm to Petitioner is "significant," while the potential harm to the government is "minimal." *See Pablo Sequen v. Kaiser,* No. 25-cv-06487-PCP, 2025 WL 2203419, at *4 (N.D. Cal. Aug. 1, 2025) ("The only potential injury the government faces is a short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that her detention is necessary to prevent danger to the community or flight.").

On balance, the *Winter* factors weigh in Petitioner's favor and the Court GRANTS Petitioner's Application for a Temporary Restraining Order.

## V.   CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's Application and herby ORDERS as follows: (1) Respondents are to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order[1]; (2) the parties shall file

---

[1] Consistent with Ninth Circuit precedent, the Government bears the burden of showing by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022); *see also Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) ("[a]t the outset of its decision, the BIA properly noted that the government bore the burden to established by clear and convincing evidence that [detainee] is a danger to the community"), *id.* at 786 (reiterating that *Singh* found that "due process requires . . . the government to prove dangerousness or risk of flight by clear and convincing evidence"). *See also Al-Sadeai v. U.S. Immigr. & Customs Enf't*, 540 F. Supp. 3d (cont'd . . .)

a joint status report no later than seven (7) days from the date of this Order confirming that Petitioner has received an individualized bond hearing or has been released from Respondents' custody. Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

IT IS SO ORDERED.

DATED:   May 13, 2026

_____
ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

983, 990–91 (S.D. Cal. 2021) (discussing Ninth Circuit precedent establishing the Government's burden and finding the IJ's placement of the burden of proof on detainee violated the Due Process Clause). Therefore, the Court requires that the Immigration Judge properly place the burden of proof on Respondents.